**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 14 2012, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHELLE F. KRAUS**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DEWAYNE WALKER,  )
        )
    Appellant,  )
        )
      vs.  )    No. 02A03-1204-CR-199
        )
STATE OF INDIANA,  )
        )
    Appellee.  )

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D06-1104-FB-79

**December 14, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Dewayne Walker appeals his conviction for Class B felony burglary. We affirm.

**Issue**

Walker raises one issue, which we restate as whether the trial court properly denied his request to instruct the jury on the lesser-included offense of residential entry.

**Facts**

Kenneth Watkins lived at a residence in Fort Wayne, and Ray Saylor was his neighbor. On April 12, 2011, Watkins and his daughter went to play bingo in the evening. While Saylor was smoking a cigarette outside, he saw a man in Watkins's front yard. Saylor turned to go inside of his house and heard two booming noises. He then saw that Watkins's front door had been knocked down. Saylor called 911 and stayed on the phone until the police arrived. Saylor saw a man walk past the front door several times, and he did not see anyone else enter or leave Watkins's house.

Officer Steven Ealing of the Fort Wayne Police Department received a dispatch of a burglary in progress at Watkins's residence and arrived at the residence a couple of minutes later. When Officer Ealing arrived, he saw Walker in the living room. When Officer Ealing announced himself, Walker ran toward the back of the house, and Officer Ealing heard glass breaking. At the same time, Officer Dale Llewellyn was positioned at the back of the house and saw that a window on the back of the house was being broken. Officer Llewellyn ordered the person in the house to come to the back door, but he heard footsteps running away from the back door toward the front of the house. When the man did not return to Officer Ealing's position at the front door, the officers announced that

the police canine would be sent in, and Walker came out. Walker had Watkins's remote controls in his pockets.

When Watkins arrived home, he found that his front door had been "busted down" and a rear window was broken. Tr. p. at 32. His possessions were knocked down, thrown around, and scattered, and his bedroom was "completely tore apart." Id. at 33. His television, Wii gaming system, some other electronics, and frozen food had been moved and were stacked by the front door. An antique gun that he kept under his mattress was found in the middle of the hallway.

The State charged Walker with Class B felony burglary and Class A misdemeanor resisting law enforcement. The State later alleged that Walker was an habitual offender. At Walker's jury trial, he proposed a jury instruction on the lesser-included offense of residential entry. The trial court found no serious evidentiary dispute regarding Walker's intent and refused the proposed instruction. The jury found Walker guilty as charged. Walker now appeals his burglary conviction.

**Analysis**

Walker argues that the trial court erred by denying his request for an instruction on the lesser-included offense of residential entry. "The purpose of an instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict." Taylor v. State, 943 N.E.2d 414, 416-17 (Ind. Ct. App. 2011) (citing Overstreet v. State, 783 N.E.2d 1140, 1163 (Ind. 2003), cert. denied), trans. denied. When a defendant requests a lesser-included offense instruction, the trial court must apply a three-part

3

analysis: (1) determine whether the lesser-included offense is inherently included in the crime charged; if it is not, (2) determine whether the lesser-included offense is factually included in the crime charged; and, if either inherently included or factually included, (3) determine whether a serious evidentiary dispute exists whereby the jury could conclude that the lesser offense was committed but not the greater. Id. at 417 (citing Hauk v. State, 729 N.E.2d 994, 998 (Ind. 2000). The trial court should grant the defendant's request for a lesser-included offense instruction if it answers the third inquiry affirmatively. Id.

The offense of residential entry is inherently included in the offense of burglary. Id. at 418. Walker proposed a jury instruction regarding residential entry as a lesser-included offense of burglary, but the trial court rejected the instruction. The trial court found no serious evidentiary dispute whereby a jury could have concluded that residential entry was committed but not burglary. Our review here is limited to whether the trial court properly determined that there was no serious evidentiary dispute whereby the jury could have concluded that the lesser offense was committed but not the greater. "In deference to trial courts' proximity to the evidence, we review a finding as to the existence or lack of a serious evidentiary dispute for an abuse of discretion." Id. at 417 (citing McEwen v. State, 695 N.E.2d 79, 84 (Ind. 1998)).

The offense of residential entry "contains all of the elements of burglary as a class B felony except that it does not require proof of intent to commit a felony in the dwelling that is entered." Campbell v. State, 732 N.E.2d 197, 207 (Ind. Ct. App. 2000) (comparing Ind. Code § 35-43-2-1 with Ind. Code § 35-43-2-1.5). The State alleged that Walker "did knowingly or intentionally break and enter the dwelling of another person, to

4

wit: Kenneth Watkins, with intent to commit a felony therein, to wit: theft . . . ." App. p. 10. Walker argues that there is an evidentiary dispute regarding his intent "for being inside the house." Appellant's Br. p. 6. However, the evidence demonstrated that Walker was found inside Watkins's residence, and the house had been ransacked. Watkins's television, Wii gaming console, other electronics, and frozen food had been moved and were found stacked next to the front door. Watkins's gun had been removed from under his mattress and placed on the floor in the hallway, and Watkins's remote controls were found in Walker's pockets. Given these facts, we agree with the trial court that there is no serious evidentiary dispute regarding Walker's intent to commit theft. The trial court properly denied Walker's request for a jury instruction on the lesser-included offense of residential entry.

## Conclusion

The trial court properly rejected Walker's request for an instruction on the lesser-included offense of residential entry. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.

5