**Ricky JOYNER, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 20S00–9505–CR–533.

Supreme Court of Indiana.

March 31, 1997.

Rehearing Denied July 8, 1997.

Thomas M. Leatherman, Phillip L. Miller, Goshen, for Defendant–Appellant.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

DICKSON, Justice.

The defendant, Ricky Joyner, appeals from his conviction for the murder of Sandra Hernandez. The defendant was charged with her murder first in the LaGrange Superior Court, which granted the defendant's motion to suppress evidence taken from the defendant's apartment and automobile. The State then dismissed the LaGrange County charge, and the prosecutor for neighboring Elkhart County commenced the present case by seeking and obtaining a grand jury indictment charging the defendant with the murder.

Briefly summarized, the evidence favorable to the judgment indicates that the defendant and Sandra Hernandez were co-employees and both resided in Elkhart County. They went to dinner together at a restaurant in Elkhart County on the evening of March 2, 1992. The next day, Hernandez's family reported her as missing. Six weeks later, Hernandez's decomposed body was found in a LaGrange County hayfield twenty-eight feet from the LaGrange/Elkhart county line. A trash bag, tied in a knot around her neck,

covered her head. Expert testimony connected this trash bag to a trash bag police obtained in a search of the defendant's apartment. A cellmate of the defendant during his pre-trial incarceration in the LaGrange County Jail testified regarding numerous inculpatory statements made by the defendant, including that he drove around with her body in his car and dumped it in LaGrange County so no one could link him with her death.

This direct appeal presents the following issues: exclusion of evidence that the crime was committed by another person; sufficiency of evidence; refusal to provide grand jury testimony; denial of request for release under Indiana Criminal Rule 4(A); dismissal and refiling of the murder charge after the LaGrange County suppression ruling; and denial of motion to dismiss alleging lack of specificity as to the date of the charged offense.[1]

## Exclusion of Evidence

The defendant contends that the trial court erroneously prevented him from presenting evidence that another person may have committed the crime. The trial court granted the State's motion in limine to exclude such evidence and at trial the court precluded the jury from hearing the defendant's evidence on this matter.

■ The State urges that we apply the standard set forth in *Burdine v. State*, 515 N.E.2d 1085 (Ind.1987), regarding the relevancy, and thus admissibility, of evidence that a person other than the defendant committed the crime. Such evidence "must do more than cast suspicion or raise a conjectural inference that a third party committed the crime; it must directly connect the third party to the crime charged." *Id.* at 1094. Rather, our review is guided by the Indiana Rules of Evidence, which were adopted, effective January 1, 1994, eleven months before the defendant's jury trial in this case.[2] Evidence is relevant when it has "any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind.Evidence Rule 401. Evidence which tends to show that someone else committed the crime logically makes it less probable that the defendant committed the crime, and thus meets the definition of relevance in Rule 401.

The defendant, in his offer to prove, sought to present evidence of the following: Oral Bowens, a married man, was having an affair with Hernandez; Bowens worked at the same place as Hernandez and the defendant; Bowens had sexual relations with Hernandez the night of March 1; he had lied to his wife about where he was that evening and later told his wife that he had had an argument with Hernandez on March 2, the last day Hernandez was seen alive; and Bowens came in late to work the morning of March 3 and lied about his tardiness on his time card, which showed that he had come in on time.

Some evidence admitted at trial was consistent with the defendant's theory that the crime was committed by Bowens. It included expert testimony about an analysis of a hair sample found inside the plastic bag covering the victim's head which excluded the defendant as the donor of the hair, was inconclusive on whether the sample matched the victim, but indicated that there was a ninety-eight to ninety-nine percent probability match with Bowens's hair. The defendant also impeached State's witness Ruben Hernandez, the victim's brother, with a contradictory earlier statement to the police in which the witness indicated that he may have seen his sister alive and separate from the defendant on Monday night, March 2, at about 9:30 to 10:00 p.m. Independent testimony was introduced to prove that the defendant was seen that night at other places by himself and with a friend between 9:00 and 10:30 p.m., after he had gone out with the victim.

1. Because of our disposition of these issues, we do not address other claims presented by the defendant.

2. Other long-standing rules of evidence have been subsumed or eliminated by the adoption of

our new rules of evidence. *See, e.g., Swanson v. State*, 666 N.E.2d 397, 398–99 (Ind.1996) (holding that the res gestae rule is now subsumed within the rules' express provisions on relevancy).

Appellate review of admissibility determinations by the trial court is for abuse of discretion, and reversal is appropriate only where the decision is clearly against the logic and effect of the facts and circumstances. *Tompkins v. State*, 669 N.E.2d 394, 398 (Ind. 1996); *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind.1996). We find that, under the circumstances presented in this case, it was error to prevent the defendant from offering the proposed evidence. Evidence was presented connecting Bowens to the crime: the hair sample retrieved from the garbage bag over the victim's head which excluded the defendant as the source of the hair and implicated Bowens. Some of the proffered testimony could also have established motive (the argument) and opportunity (the unexplained absence and subsequent coverup of being late to work). Support for the defendant's claim of innocence included impeaching the victim's brother with his earlier police statement placing the victim alive and apart from the defendant later on the evening of their dinner date, and evidence that put the defendant elsewhere and alone at that time.

Upon consideration of the issues raised by the evidence and the rights of an accused to present evidence and to require the State to prove guilt beyond a reasonable doubt, we conclude that it was error to categorically exclude the defendant's evidence supporting his defense that the murder was committed by another person. This erroneous exclusion of evidence appears inconsistent with substantial justice and therefore cannot be deemed harmless error. Ind.Trial Rule 61. This cause will be remanded for a new trial.

### Sufficiency of Evidence

The defendant contends that there is insufficient evidence to support his conviction for the crime of Murder and urges that we not consider various evidence which he claims was erroneously admitted. Because this cause is remanded for new trial, we do not address these claims of erroneous admission. Upon reviewing a claim of insufficient evidence, an appellate court considers the evidence as presented at trial, including that which may have been erroneously admitted.

*Bowman v. State*, 577 N.E.2d 569, 571 (Ind. 1991); *Miller v. State*, 575 N.E.2d 272, 276 (Ind.1991).

A claim of insufficient evidence will prevail only if, upon consideration of the probative evidence and reasonable inferences that support the judgment, and without weighing evidence or assessing witness credibility, we conclude that no reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State*, 458 N.E.2d 223, 226 (Ind.1984); *Loyd v. State*, 272 Ind. 404, 407, 398 N.E.2d 1260, 1264 (1980), *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Upon consideration of the evidence previously summarized and, applying our standard of review, we cannot conclude that no reasonable jury could have found guilt beyond a reasonable doubt. We therefore reject the defendant's contention that the evidence was insufficient to convict.

The defendant also contends that the evidence was insufficient to prove venue. The applicable statute provides, "If an offense is committed in Indiana and it cannot readily be determined in which county the offense was committed, trial may be in any county in which an act was committed in furtherance of the offense." IND.CODE § 35–32–2–1(d)(1993). The prosecution has the burden to prove venue by a preponderance of the evidence and circumstantial evidence is sufficient to support that determination. *Evans v. State*, 571 N.E.2d 1231, 1233 (Ind. 1991). This issue was submitted to the jury and they found that venue was proper in Elkhart County.

Notwithstanding the statutory provisions regarding proper venue for trial, the defendant contends that Article 1, Section 13, of the Indiana Constitution assures that he has the right to a trial by impartial jury "in the county in which the offense shall have been committed." In dealing with predecessors to the current venue provisions, this Court has found that a statutory provision allowing concurrent jurisdiction when the offense was committed partly in one county and partly in another did not offend Article

1, Section 13. *Peats v. State,* 213 Ind. 560, 565, 12 N.E.2d 270, 273 (1938). We reasoned that because "the thing that constituted the crime denounced was accomplished partly in each of the counties, the legislative enactment fixing the jurisdiction in either county does not offend against the constitutional provision." *Id.* We likewise find that the current applicable provision of the statute sufficiently complies with the mandate of Article 1, Section 13.

■ The evidence that the victim was alive when in the presence of the defendant in Elkhart County, combined with the defendant's statement to his cellmate that he took her body from Elkhart County into La-Grange County, where he deposited it, was sufficient circumstantial evidence to prove that an act in furtherance of the offense was committed in Elkhart County. Thus the evidence was sufficient to prove venue.

### Refusal to Provide Grand Jury Testimony

■ The defendant also contends that the trial court erroneously refused to grant discovery of the transcript of the grand jury testimony. Indiana Code Section 35–34–2–10 provides that the court which impanels the grand jury may order disclosure of grand jury transcripts upon a showing of particularized need. Local Rule 11(C)(4) of the Elkhart Circuit Court provides that a defendant is entitled to the grand jury transcripts of any witness the State intends to call at trial unless the State can either show a need to keep the testimony confidential or show that portions of the testimony to the grand jury are not relevant to the testimony at trial.

While the trial court failed to require the State to comply with the requirements of this rule, this error can be corrected upon remand.

**3.** Although the motion was styled as a motion for discharge, the substance of the defendant's motion sought his release from custody on his own recognizance pending trial under 4(A).

**4.** The trial court found that the six-month period was not a "constitutional guaranty and is subject to reasonable exceptions, limitations and modifications." Record at 363 (citing *Bryant v. State,* 261 Ind. 172, 173, 301 N.E.2d 179, 180 (1973)). The trial court went on to determine that "under the special circumstances of this case," the six-

### Criminal Rule 4

■ Both the State, in its appellate brief, and the trial court, in its order denying the defendant's motion for release under Indiana Criminal Rule 4(A),[3] have conceded that Joyner was held in excess of the six-month period. Brief of Appellee at 29; Record at 362–63. The trial court believed that violation of the rule was excused under "the special circumstances of the case."[4] Record at 363. Rule 4(A) states, in relevant part:

Defendant in Jail. No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later); except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar.... Any defendant so detained shall be released on his own recognizance at the conclusion of the six-month period aforesaid and may be held to answer a criminal charge against him within the limitations provided for in subsection (C) of this rule.

Ind.Crim.Rule 4(A).

Criminal Rule 4 exists to aid in implementing an accused's right of speedy trial provided in the constitutions of both Indiana and the United States. Although it is titled "DISCHARGE FOR DELAY IN CRIMINAL TRIALS," it prescribes differing remedies for various circumstances of delay. Subsection (A) applies to defendants detained in jail on a charge without trial for more than six months, and requires such defendant to be released on his own recognizance from the

month limitation was unreasonable. *Id.* Despite this language, however, neither *Bryant* nor *Easton v. State,* 258 Ind. 204, 206, 280 N.E.2d 307, 309 (1972), upon which it relies, established a new, discretionary "special circumstances" exception to Criminal Rule 4. Rather, both of these cases involved existing inherent limitations of the Rule. A trial court may not avoid Criminal Rule 4(A) by finding its application unreasonable under special circumstances presented by a particular case.

end of the six-month period until his trial. Subsection (B), triggered by an incarcerated defendant's motion for early trial, generally mandates a trial within seventy days thereafter, except for delays caused by the defendant. Failure to release a defendant from jail within the prescribed time may result in the complete discharge of such defendant from the charged offense. *See Williams v. State,* 631 N.E.2d 485, 486–87 (Ind.1994); *Baker v. State,* 590 N.E.2d 1126, 1128 (Ind. Ct.App.1992). Under subsection (C) a defendant, whether jailed or released, will be likewise discharged if not brought to trial within one year after arrest or charge, excluding delays attributable to the defendant and certain circumstances of court congestion.

A violation of the six-month deadline in Criminal Rule 4(A) requires that an incarcerated defendant be released from jail, but does not result in complete discharge from criminal liability.

Because the defendant was entitled to be released upon his motion before trial, and since this case is being remanded for new trial, Criminal Rule 4(A) requires that the defendant be released on his own recognizance, subject to the one-year limitations of subsection (C).

### Dismissal and Refiling after LaGrange County Suppression Ruling

Citing *Magley v. State,* 263 Ind. 618, 335 N.E.2d 811 (1975), the defendant contends that the ruling by the LaGrange Superior Court suppressing certain evidence was binding upon the Elkhart Circuit Court. He also contends that the State should not be permitted to refile the Murder indictment in Elkhart County after dismissal of the same charge in the LaGrange Superior Court.

 In the course of reviewing a claim of error in the admission of evidence at trial, the *Magley* Court in 1975, noting the growing use of the pre-trial suppression motion, sought to provide "guidance for the trial judge who is faced with a trial objection to [evidence] previously determined to be admissible." *Id.* at 634, 335 N.E.2d at 821. When a court conducts a pre-trial hearing to consider objections which it rejects and is subsequently faced with the same objections raised at trial, the following procedure was suggested:

> When a simple objection for the purpose of preserving appellate rights is made, the trial judge *should consider the pre-trial determination res judicata and binding upon him and overrule the objection.* If, however, the trial objection is based upon new factual or legal matter, a simple overruling of the objection would not be appropriate. In that instance, the trial judge may expect, and indeed require, that he be provided with ·an accurate summary description of such new matter. Thereafter, either of two levels of judicial response is appropriate. The trial judge may summarily overrule the objection if the new matter could in no event result in a determination of inadmissibility. This summary disposition may be made upon consideration of counsel's description, or, in the discretion of the judge, after having permitted the defense to call witnesses, to present new matter. On the other hand, if the trial judge deems such new matter to be of sufficient substance, he may conduct a hearing on the motion to suppress, having a scope appropriate under the circumstances, and reconsider the issue of admissibility....

> Where, as in the case at bar, the judge who conducts the trial is not the judge who conducted and determined the pre-trial motion, obstacles to a full and fair reconsideration at trial exist. The trial judge is not acquainted with the evidence presented in the pre-trial hearing. Consequently, he is unable to weigh the old evidence with the new. This problem does not arise, of course, where the trial judge makes a summary denial of the objection based upon an inadequate showing of substantial new matter. Neither does the problem arise when the new matter would provide an independent and sufficient ground for suppression, as in the case at bar. The problem would exist, where the trial judge deemed it appropriate to reopen an issue litigated and finally determined at the pre-trial stage, for, in such instances, reweighing of the new and old evidence as a body would be required. In such extreme cases,

re-litigation of the motion to suppress is indicated.

263 Ind. at 634–35, 335 N.E.2d at 821–22 (emphasis added) (citations omitted).

The defendant argues that the above reference to *res judicata* must be literally applied, but we observe that the phrase was not so intended. Rather, it was used to succinctly inform trial judges that they need not necessarily rehear evidence and arguments relating to admissibility issues previously heard and determined during pre-trial proceedings. In the subsequent case of *Gajdos v. State*, 462 N.E.2d 1017 (Ind.1984), we rejected a defendant's claim that a ruling prior to trial should remain effective and unchanged throughout the trial, stating "a ruling on a pretrial motion to suppress is not intended to serve as the final expression concerning admissibility." *Id.* at 1022. Thus, if the case had continued to trial in LaGrange Superior Court, the preliminary ruling on the defendant's motion to suppress would have been subject to modification at trial.

 When the Murder charge against the defendant was pending in the LaGrange Superior Court, the defendant filed a motion to suppress and presented videotape evidence of his interrogation by police. The court granted the motion, finding as follows:

> On motion of the defendant, and with the agreement of the State, the video tape labeled "Joyner # 1" was played in open Court. From the tape it is apparent that, prior to signing the Consents to Search 532 James Street and 1982 Firenza automobile, the defendant, Ricky Joyner, requested an attorney. However, an attorney was not provided.
>
> The State presented no evidence. . . .
>
> After considering the evidence presented at the hearing, . . . the Court now finds .. [t]hat defendant requested the assistance of an attorney prior to signing Consents to Search 532 James Street and the 1982 Firenza automobile, and that an at-

torney was not provided to him. Under these circumstances, the Court has no choice but to suppress the evidence seized by law enforcement officers pursuant to those Consents to Search.

Record at 38. After the case was dismissed in LaGrange County and refiled in Elkhart Circuit Court pursuant to indictment, the defendant again filed a motion to suppress. At the hearing before the Elkhart Circuit Court on the defendant's motion to suppress, the evidence included not only two videotapes of the police interviews with the defendant but also testimony of involved police officers. The trial court denied the motion to suppress, finding that the defendant was not in custody and that his statements regarding counsel were "ambiguous or equivocal at best" and that his statement "was not a request for counsel." Record at 343, 344.

Because rulings on pretrial motions are not necessarily final, the ruling of the LaGrange Superior Court did not foreclose the Elkhart Circuit Court from considering the defendant's motion to suppress, hearing further evidence thereon, and denying the motion.[5]

In an alternative but related argument, the defendant contends that it was improper for the State to dismiss the case in LaGrange County, where the defendant's motion to suppress evidence had been granted, and refile the charges in Elkhart County. He contends that this allowed the State to improperly amend the information by filing it in another county. We disagree.

 A prosecuting attorney is authorized to obtain a dismissal at any time before sentencing, and the granting of such a motion does not of itself bar a subsequent trial of the defendant for the same offense. IND. CODE § 35–34–1–13 (1993). Absent the attachment of jeopardy, the State's dismissal of criminal charges does not preclude it from refiling and prosecuting a charge for the identical offense. *Burdine v. State*, 515

---

5. Separate from his procedural claim that the LaGrange Superior Court ruling was binding upon the Elkhart Circuit Court, the defendant also asserts on appeal that the latter court substantively erred in admitting evidence from the warrantless search and seizure in violation of federal and Indiana constitutional provisions. However, because of our decision to reverse and remand this case for new trial, and because the consent to search issue may again be presented to the trial court, we do not address the defendant's substantive search and seizure claim.

N.E.2d 1085, 1089–90 (Ind.1987) (dismissing and refiling identical charges the same day); *see also Penley v. State,* 506 N.E.2d 806, 811–12 (Ind.1987) (dismissing one count after hung jury and refiling along with a second count in another court). A trial court has no discretion to deny such a motion to dismiss. *Willoughby v. State,* 660 N.E.2d 570, 577 (Ind.1996); *Holifield v. State,* 572 N.E.2d 490, 496 (Ind.1991).

Our Court of Appeals has recognized that the dismissal of a charge will not bar the renewal of proceedings unless the substantial rights of the accused have been prejudiced. *Gregor v. State,* 646 N.E.2d 52, 53 (Ind.Ct. App.1994). Furthermore, even where an order sustaining a motion to dismiss would otherwise constitute a bar to further prosecution of the crime charged, the granting of such motion does not bar a subsequent trial on the same charge unless the defendant objects to the dismissal. IND.CODE § 35–34–1–13(b) (1993). The defendant contends that the LaGrange Superior Court proceeding was dismissed before he had an opportunity to object. However, because the initial sustaining of the defendant's motion to suppress was not final and jeopardy had not yet attached, the defendant's substantial rights were not prejudiced by the dismissal and refiling.

### Denial of Defendant's Motion to Dismiss

The defendant contends that the trial court erred in failing to grant his motion to dismiss. The defendant had filed a notice of intent to offer an alibi defense. Upon a notice of alibi, the prosecution is not required to respond if it intends to rely on the date and place as alleged in the indictment or information. IND.CODE § 35–36–4–2(a) (1993). If the State chooses to answer, its answer then limits the State to proof of the date in the answer. *Webster v. State,* 426 N.E.2d 1295, 1297 (1981).

The prosecution responded by stating that the State intended to rely on the date as alleged in the indictment, namely "on or about March 2." The defendant moved to dismiss the charges against him because of an insufficient reply to his notice of alibi.

The alleged date of commission of a criminal offense may be sufficiently specific if the circumstances of the crime do not permit a more exact determination. *Clifford v. State,* 474 N.E.2d 963, 971 (Ind.1985). Although the State responded in the present case, it did not seek to alter its allegation that the crime occurred "on or about March 2." Given the particular circumstances of the present case, we find this specification sufficient. The trial court did not err in denying the motion to dismiss.

### Conclusion

The conviction is reversed and the cause remanded for new trial.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.