**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOHN ANDREW GOODRIDGE**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jun 21 2012, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HERBERT E. ROBERTSON III, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1110-CR-465 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Carl A. Heldt, Judge
Cause No. 82C01-1006-FB-713

**June 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Herbert E. Robertson III appeals his conviction for class B felony armed robbery and his adjudication as a habitual offender, arguing that the trial court abused its discretion in excluding certain evidence. Finding no error, we affirm.

**Facts and Procedural History**

During the evening of December 21, 2009, Andrea Atterberry was working alone at a Vanderburgh County liquor store. Robertson entered the store and purchased a half pint of vodka and asked for change for the soda machine. About an hour later, Robertson returned, bought another half pint of vodka, and asked Atterberry when her shift was over. Robertson entered the store a third time and asked Atterberry for change for a ten-dollar bill. Atterberry opened the cash register drawer and got the change. When she looked up, Robertson had a knife and demanded, "[B]**ch give me the money in the drawer." Tr. at 18. She declined and called 911. While Atterberry was talking to the 911 operator, Robertson screamed and stabbed at her with the knife. Atterberry threw the money at him, and he left. The police arrived, but Robertson was gone. That day, Atterberry provided a description of the robber to Evansville Police Detective Tony Mayhew that was recorded and transcribed. Atterberry described the robber as about five feet eight inches tall, around 220 pounds, with blue eyes and a two-to-three-day beard growth, and wearing a black stocking cap, a blue hooded jacket, a blue button shirt, light colored jeans, and black shoes. *Id*. at 107.

A month or two later, Detective Mayhew was investigating an unrelated liquor store theft and noticed that the suspect in that case, Henry Arheleger, fit Atterberry's description.

2

Detective Mayhew showed Atterberry a photo array of six men, which included Arheleger but not Robertson. Atterberry did not identify any of the men as the actual robber, but said that of the six men, Arheleger most resembled the robber. *Id.* at 25-26. About a week later, Detective Mayhew showed Atterberry approximately fifty photographs, none of which were of Robertson. Atterberry said that none of the photographs were of the man who had robbed her.

Sometime later, Atterberry informed Detective Mayhew that she remembered that the robber had previously come into the store with a woman whom Atterberry would recognize. After Atterberry identified that woman in a photo array, Detective Mayhew showed her another photo array containing Robertson's picture. Atterberry immediately identified Robertson as the robber.

The State charged Robertson with class B felony armed robbery and with being a habitual offender. The jury found Robertson guilty of class B felony armed robbery, and the trial court found that Robertson was a habitual offender. Robertson appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

Robertson argues that the trial court erred in excluding evidence of the police investigation of Arheleger and the transcript of Atterberry's recorded statement to Detective Mayhew on the day of the robbery. We review the trial court's decision on the admissibility of evidence for an abuse of discretion. *Roush v. State*, 875 N.E.2d 801, 808 (Ind. Ct. App.

3

2007). "An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court." *Id.*

At trial, Robertson moved to introduce evidence of the police investigation of Arheleger. In summary, Robertson sought to introduce evidence that (1) Arheleger agreed to take a polygraph test as to whether he committed the robbery and agreed that the results could be used as evidence against him; (2) after police explained to Arheleger that if he failed to appear for his polygraph appointment, his failure to appear would be considered an admission of guilt of the robbery, Arheleger replied, "if I don't show up then you can assume I'm guilty;" (3) Arheleger appeared at the scheduled time to take his polygraph test but was asked to sign a second polygraph stipulation agreement and to reschedule the polygraph; and (4) Arheleger left before rescheduling the polygraph test and never took it. Defendant's Offer to Prove 1. The trial court denied Robertson's motion.

Robertson argues that the investigation evidence is admissible because it raises the possibility that Arheleger committed the robbery. "Evidence which tends to show someone else committed the crime logically makes it less probable that the defendant committed the crime, and thus meets the definition of relevance in Indiana Evidence Rule 401." *Cook v. State*, 734 N.E.2d 563, 568 (Ind. 2000) (citing *Joyner v. State*, 678 N.E.2d 386, 389 (Ind.

1997)).[1] Evidence Rule 401 provides that evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." As one treatise puts it:

> To be admissible in a criminal prosecution, evidence that a third party has committed the crime with which the defendant is charged need not show substantial proof of a probability that the third person has committed the act; it need only be capable of raising a reasonable doubt of the defendant's guilt. ….
>
> …. While a criminal defendant may present alternative perpetrator evidence at trial in order to cast doubt on the defendant's guilt, the defendant must first lay an evidentiary foundation to establish that the alternative perpetrator evidence has an inherent tendency to connect the alternative perpetrator to the actual commission of the charged crime.

29 AM. JUR. 2d *Evidence* § 598 (2008). Even if evidence that a third party committed the charged offense is found to be relevant, the evidence may be excluded pursuant to Indiana Evidence Rule 403 if its probative value is outweighed by unfair prejudice, confusion of the issues, or the potential to mislead the jury. *Pelley v. State*, 901 N.E.2d 494, 504 (Ind. 2009).

---

[1] Before the Indiana Rules of Evidence were adopted, effective January 1, 1994, our standard of admissibility for evidence that a third party committed the charged offense was that such evidence "must do more than cast suspicion or raise a conjectural inference that a third party committed the crime; it must directly connect the third party to the crime charged." *Burdine v. State*, 515 N.E.2d 1085, 1094 (Ind. 1987) (citing *Brown v. State*, 416 N.E.2d 828, 830 (Ind. 1981)). However, in *Joyner*, our supreme court stated that Indiana Evidence Rule 401 rather than *Burdine* "guided its review" of the admissibility of evidence that a third party committed the charged offense. 678 N.E.2d at 389; *see also McIntyre v. State*, 717 N.E.2d 114, 123 (Ind. 1999) (recognizing that *Burdine* test was superseded by Indiana Rules of Evidence and citing *Joyner*); 29 AM. JUR. 2d *Evidence* § 598 (2008) ("Courts should simply treat third-party culpability evidence like any other; thus, if relevant, such evidence is admissible unless its probative value is substantially outweighed by the risk of undue delay, prejudice, or confusion."). Recently, with regard to third-party *motive* evidence, our supreme court has stated that before such evidence is admissible, "the defendant must show some connection between the third party and the crime." *Pelley v. State*, 901 N.E.2d 494, 505 (Ind. 2009); *see also McGaha v. State*, 926 N.E.2d 1050, 1053-55 (Ind. Ct. App. 2010) (upholding trial court's exclusion of third-party motive evidence), *trans. denied*.

5

Here, Robertson's proffered evidence is that Arheleger agreed to take a polygraph, agreed that the results could be used as evidence against him, but ultimately did not take the test. We observe that Arheleger appeared at the scheduled time to take the polygraph but left before the test was rescheduled. It is unclear why he left, but perhaps it was because he had a another appointment. *See* Defendant's Offer to Prove ("[Arheleger] said that he had a 10:00 appointment, and [the detective] told him [they] wouldn't be done in time because it was already about 08:15."). Later, the police conducted a follow-up interview with Arheleger and cleared him from involvement in the robbery. State's Ex. Offer to Prove 1. The only reason the police decided to interview Arheleger regarding this robbery was because he fit Atterberry's description of the robber. However, when Atterberry was presented with a photo array containing Arheleger's photograph, she did not identify him as the robber; she merely stated that he resembled the robber. Under these circumstances, Robertson's proffered evidence has little value in casting doubt upon his guilt. Accordingly, we cannot say that the trial court's decision to exclude the evidence was clearly against the logic and effect of the facts and circumstances before it. *See Roush*, 875 N.E.2d at 808.

We now address the exclusion of the transcript of Atterberry's statement to Detective Mayhew. During cross-examination, defense counsel questioned Atterberry regarding her description of the robber to Detective Mayhew on December 21, 2009. When defense counsel asked Atterberry whether Detective Mayhew asked her about the robber's teeth, she replied, "No he didn't ask me, I told him but I don't think I told him right then and there, I don't remember." Tr. at 44. Defense counsel showed Atterberry the transcript of her prior

6

statement, allowed her to read it, and moved to introduce the prior statement. The trial court

sustained the State's objection.

Defense counsel then asked Atterberry whether she remembered making the statement

and whether it was accurately transcribed, and she said yes. *Id*. at 44-45. The trial court and

defense counsel had the following discussion:

> Trial Court: I think it's only admissible if there's something that she denies saying that's in there, if she admits saying it…
>
> Defense Counsel: I think it's admissible if she's testified to something inconsistent with her statement.
>
> Trial Court: Well, if you confront her with that and she denies saying it to the police, it's admissible, but if she admits saying it to the police, then it's in, but the exhibit is not.

*Id*. at 45.

Robertson asserts that the transcript of Atterberry's statement to Detective Mayhew

was admissible as a prior inconsistent statement.[2] Although a party may impeach a witness

by extrinsic evidence of a prior inconsistent statement pursuant to Indiana Evidence Rule

613(b), "once a witness has admitted an inconsistent prior statement she has impeached

herself and further evidence is unnecessary for impeachment purposes." *Appleton v. State*,

740 N.E.2d 122, 125 (Ind. 2001) (citation and quotation marks omitted). Defense counsel

questioned Atterberry regarding the description of the robber that she provided to Detective

---

[2] Robertson also argues that the prior statement was admissible as a recorded recollection. However, Robertson never argued to the trial court that the prior statement was admissible as a recorded recollection. Therefore, he has waived the recorded recollection argument. *See Grace v. State*, 731 N.E.2d 442, 444 (Ind. 2000) ("Grounds for objection must be specific and any grounds not raised in the trial court are not available on appeal.").

Mayhew on December 21, 2009, and she did not deny making any of the statements. Tr. at 45-49. Accordingly, the trial court did not abuse its discretion in excluding the transcript of Atterberry's prior statement.[3]

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.

---

[3] Robertson also argues that the trial court erred when it removed Juror #1 without making any inquiry or record. However, our review of the record before us discloses that Juror #1 was ill and that the parties agreed to excuse the juror. Appellant's App. at 6. Therefore, any error is invited and does not constitute reversible error. *See Booher v. State*, 773 N.E.2d 814, 822 (Ind. 2002) ("A party may not invite error, then later argue that the error supports reversal, because error invited by the complaining party is not reversible error.") (citation and quotation marks omitted).