**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 29 2014, 10:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL P. QUIRK**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| WILLIAM P. MONTGOMERY, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )     No. 18A02-1309-CR-825 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne L. Vorhees, Judge
Cause No. 18C01-1302-FA-7

**April 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

William P. Montgomery appeals his three convictions for dealing in methamphetamine, two as class A felonies and one as a class B felony. Montgomery raises one issue, which we restate as whether the trial court abused its discretion in admitting the evidence obtained during a search of Montgomery's residence. We affirm.

FACTS AND PROCEDURAL HISTORY

Montgomery was the subject of an investigation conducted by Muncie Police Officer Michael Nickens and other members of the Muncie Police Narcotics Unit. Officer Nickens and other law enforcement arranged and completed controlled buys of methamphetamine from Montgomery at his residence with the assistance of confidential informants on August 14, 2012, and again on February 4, 2013. On February 5, 2013, Officer Nickens prepared an Affidavit for Search Warrant in which he set forth details regarding each of the two controlled buys and requested that a search warrant be issued for Montgomery's residence to search for evidence of the crime of dealing in or manufacturing methamphetamine, and the trial court issued a search warrant that day. Officer Nickens, together with members of the Narcotics Unit and the Muncie Police SWAT team, executed the search warrant on February 5, 2013, and discovered evidence consistent with the manufacturing of methamphetamine.

The State initially filed a charging information on February 12, 2013, and amended the information on July 9, 2013 to allege that Montgomery committed two counts of dealing in methamphetamine as class A felonies and one count of dealing in methamphetamine as a class B felony. On June 21, 2013, Montgomery filed a motion to suppress, arguing in part that too much time elapsed between the August 14, 2012 drug

buy and the request for the search warrant on February 5, 2013, for the court to consider the buy as a basis for issuing the warrant. A hearing was held on Montgomery's motion to suppress on July 8, 2013, at which Montgomery argued that the August 2012 controlled buy was stale as it occurred almost six months before the search warrant was requested and thus should not be considered, and that the affidavit did not indicate that a police officer personally took part in the transactions. The court denied the motion to suppress, stating that the August incident alone would not have supported a warrant in February 2013 but that the two incidents taken together established probable cause that Montgomery was dealing methamphetamine, that the confidential informants went into the premises with money and without drugs and came out without money and with drugs, and that both informants identified Montgomery as the person who had sold them the drugs.

At his jury trial, Montgomery objected to the admission of evidence or testimony related to the evidence seized from his residence and incorporated the arguments he made in support of his motion to suppress, and the trial court admitted the challenged evidence over his objection. The jury convicted Montgomery on all three counts as charged. The court sentenced Montgomery to forty years for each of his class A felony convictions and twelve years for his class B felony conviction, all to be served concurrent with each other.

## DISCUSSION

The issue is whether the trial court abused its discretion in admitting the evidence obtained during the search of Montgomery's residence. Although Montgomery

3

originally challenged the admission of the evidence through a motion to suppress, he now challenges the admission of the evidence at trial. Thus, the issue is appropriately framed as whether the trial court abused its discretion by admitting the evidence. See Jefferson v. State, 891 N.E.2d 77, 80 (Ind. Ct. App. 2008), trans. denied. We review the trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. Roche v. State, 690 N.E.2d 1115, 1134 (Ind. 1997), reh'g denied. We reverse only where the decision is clearly against the logic and effect of the facts and circumstances. Joyner v. State, 678 N.E.2d 386, 390 (Ind. 1997), reh'g denied. Even if the trial court's decision was an abuse of discretion, we will not reverse if the admission constituted harmless error. Fox v. State, 717 N.E.2d 957, 966 (Ind. Ct. App. 1999), reh'g denied, trans. denied. We may affirm a trial court's decision to admit evidence seized as a result of the search based on any legal theory supported by the record. Edwards v. State, 724 N.E.2d 616 (Ind. Ct. App. 2000), trans. denied.

Montgomery contends that the search warrant was based on stale information from the August 2012 controlled buy and on a recording that was labeled a month before the search warrant was requested. He argues that the trial court should have granted his motion to suppress and requests us to reverse his convictions and remand for a new trial. The State maintains that the evidence recovered from Montgomery's residence pursuant to the search warrant was properly admitted into evidence at trial, that Officer Nickens set forth in his affidavit for a search warrant extensive details about the controlled buys on both August 14, 2012 and February 4, 2013, that Officer Nickens explained that the second controlled buy occurred the day before the search warrant request although he

4

mistakenly wrote an incorrect date on a photocopy of the money used in the buy, that where continuing criminal activity is suspected the passage of time is less significant, and that the trial court had ample evidence before it providing probable cause to grant the search warrant.

The Fourth Amendment to the United States Constitution requires probable cause for the issuance of a search warrant; Article 1, Section 11 of the Indiana Constitution contains nearly identical language as the Fourth Amendment, and these constitutional principles are codified in Ind. Code § 35-33-5-2, which details the information to be contained in an affidavit for a search warrant. Smith v. State, 953 N.E.2d 651, 656 (Ind. Ct. App. 2011), trans. denied. With respect to whether the information supporting a warrant was stale by the time the warrant was served, this court has held:

> Although the age of the information supporting an application for a warrant can be a critical factor when determining the existence of probable cause, our courts have not established a bright-line rule regarding the amount of time which may elapse between obtaining the facts upon which the search warrant is based and the issuance of the warrant. Instead, whether the information is tainted by staleness must be determined by the facts and circumstances of each particular case.

Id. at 659 (citing Scott v. State, 883 N.E.2d 147, 157 (Ind. Ct. App. 2008) (quoting Frasier v. State, 794 N.E.2d 449, 457 (Ind. Ct. App. 2003), reh'g denied, trans. denied)).

The record reveals that, in his affidavit in support of his request for a search warrant, Officer Nickens stated that controlled buys were conducted on August 14, 2012, and February 4, 2013. The affidavit stated that, with respect to both controlled buys, the informants were thoroughly searched to ensure they did not have controlled substances or money in their possession, they were given previously-recorded buy money, were fitted

5

with recording devices, and were taken to Montgomery's residence where they purchased methamphetamine from Montgomery using the buy money. The affidavit stated that the informants were observed entering and exiting Montgomery's residence, that all entrances of the residence were under constant surveillance during the duration of the controlled drug transactions, that both informants stated they had made their drug purchases from Montgomery in exchange for the previously-recorded buy money, and that the substances purchased field-tested positive for methamphetamine. The affidavit further provided that the informant who made the controlled buy on August 14, 2012, observed more of the same type of substance inside the residence. To the extent the photograph of the money used in the second controlled buy on February 4, 2013 was labeled "1/4/13," State's Exhibit 10, Officer Nickens testified that he "mistakenly put 1-4-13, instead of 2-4-13," Transcript at 111, and Officer Nickens and other members of the Narcotics Unit testified that the controlled buy occurred on February 4, 2013. Also, to the extent Montgomery challenges the date of the recording of the second controlled buy,[1] Officer Nickens testified that the recording occurred on February 4, 2013, and that any date and time stamp which appears on the screen is not accurate because the device used does not hold memory of the date and time.[2] The testifying officers were thoroughly examined before the jury regarding the details of the two controlled buys from Montgomery, including the identification of the date of the second controlled buy,

---

[1] The recording admitted as State's Exhibit 11 displays a date stamp in the lower-right corner of "2009.04.23."

[2] In his brief, Montgomery states that the CD containing the recording was dated January 4, 2013. However, the transcript pages to which Montgomery cites indicate that the photograph of the buy money was labeled January 4, 2013, and that the date and time stamp on the screen of the recording was not February 4, 2013.

and Officer Nickens's affidavit presented to the court in order to request a search warrant presented information, consistent with the testimony presented later at trial, that the second controlled buy was conducted on February 4, 2013. The search warrant here was obtained one day after the second completed controlled buy during which an informant purchased methamphetamine from Montgomery. The timing of the second controlled buy, coupled with the information obtained from the informant following the first controlled buy in August 2012 that there was additional methamphetamine in the residence, permitted a reasonable inference that Montgomery was dealing in methamphetamine on an ongoing basis at his residence.

Based upon the record, and in light of the information obtained from the informant following the first controlled buy in August 2012 and the fact that the second controlled buy occurred the day before the search warrant was sought and executed, we conclude the information recounted in the probable cause affidavit was not stale, that the trial court was not precluded from issuing the search warrant due to the fact that the first controlled buy had occurred in August 2012, and that the court did not abuse its discretion in admitting the evidence seized from Montgomery's residence pursuant to the warrant. See Scott, 883 N.E.2d at 157 (holding that "[i]n light of the C.I.'s information that Scott was involved in ongoing methamphetamine manufacture, [the officer's] information regarding detecting the odor of ether at [the defendant's] residence within the previous two months was not stale"). Montgomery is not entitled to reversal of his convictions.

## CONCLUSION

For the foregoing reasons, we affirm Montgomery's convictions for dealing in methamphetamine.

Affirmed.

VAIDIK, C.J., and NAJAM, J., concur.