

FILED

Jul 19 2023, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anna Onaitis Holden
Zionsville, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joe A. Viverett,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

July 19, 2023

Court of Appeals Case No.
22A-CR-2076

Appeal from the Marion Superior
Court

The Honorable Steven J. Rubick,
Magistrate

Trial Court Cause No.
49D20-2201-F4-608

**Opinion by Judge Crone**
Judge Kenworthy and Senior Judge Robb concur.

**Crone, Judge.**

## Case Summary

Joe A. Viverett appeals his convictions, following a jury trial, for two counts of level 4 felony unlawful possession of a firearm by a serious violent felon (SVF). He was also found to be a habitual offender. We reframe the multiple issues raised on appeal as whether the trial court erred in admitting evidence at trial. The crux of Viverett's argument revolves around the warrantless entry into his home by parole officers that he alleges violated his rights under the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. Concluding that Viverett failed to properly preserve his challenge to the trial court's admission of evidence, we affirm.

## Facts and Procedural History

On January 5, 2022, Indiana Department of Correction parole officers went to a home on North Brentwood Avenue in Marion County where they believed parolee Lance Lewis had been staying. The home belonged to Viverett. As a condition of his parole, Lewis signed a contract allowing officers to conduct compliance checks at residences where he was staying. Lewis had recently failed multiple drug screens, and officers received information that he may have been "involved in an incident" that took place at the Brentwood Avenue address. Tr. Vol. 2 at 30. Lewis was summoned to the parole office, and, during interrogation, officers confiscated his cellphone and a set of keys. Although Lewis initially denied residing at that address, officers confirmed that he had sent multiple text messages giving the Brentwood Avenue address as his own and that he was also trying to get utilities at that address placed in his name.

Through GPS tracking points, officers further confirmed that Lewis's car had been parked primarily at that address. The Brentwood Avenue address had not been approved by the parole office. Accordingly, officers went to the Brentwood Avenue address to do a compliance check. When the parole officers arrived, they knocked on the door and announced themselves. Nobody answered, so they used keys given to the parole office by Lewis to open the front door. Officers entered the home and immediately did a protective sweep for their safety. Two officers entered an upstairs bedroom, where they found Viverett and a female sleeping in a bed. Officers observed a handgun in plain view on the floor next to the bed. In other areas of the house, the parole officers observed another handgun, a box of what appeared to be synthetic marijuana, a digital scale, and a pipe containing white residue.

[3] Based upon their observations, the parole officers requested assistance from the Indianapolis Metropolitan Police Department (IMPD). IMPD officers sought and obtained a search warrant for the residence. Thereafter, a shotgun was found underneath the mattress where Viverett had been sleeping. Officers also located a video security system and observed footage showing Viverett holding both a shotgun and a handgun.

[4] The State charged Viverett with two counts of level 4 felony unlawful possession of a handgun by an SVF, level 4 felony unlawful possession of a shotgun by an SVF, and class C misdemeanor possession of paraphernalia. Viverett filed a motion to suppress evidence on May 5, 2022. Following a hearing, Judge Jennifer Harrison denied the motion. Specifically, Judge

Harrison found that it was "reasonable for the parole officers to believe that this was either [Lewis's] residence, his place of employment or a location where his personal property could reasonably be located." *Id.* at 80. Judge Harrison concluded that, based on the "totality of the circumstances," the parole officers were simply "executing the conditional release agreement[,]" and therefore "the entry into the home and the protective sweep that occurred in the home is legal which then led to the search warrant which we're not here to contest today." *Id.* at 80-81.

[5] Thereafter, the State dismissed the class C misdemeanor charge but added a habitual offender allegation. A jury trial was held before Magistrate Steven Rubick on July 13, 2022. At the outset of trial, Viverett lodged a continuing objection to the admission of any evidence found following the parole officers' warrantless entry of his home, asserting that he believed that his pretrial motion to suppress should have been granted. Magistrate Rubick ruled that Judge Harrison's denial of the motion to suppress would stand but approved the continuing objection. The jury found Viverett guilty of both firearm possession charges. Viverett waived his right to a jury trial as to the habitual offender allegation, and Magistrate Rubick found him to be a habitual offender. Viverett was sentenced to concurrent eight-year sentences for the firearm possession convictions, and his sentence for possession of a handgun was enhanced by six years based upon the habitual offender finding. This appeal ensued.

## Discussion and Decision

[6] Viverett challenges the trial court's "admission of the evidence—the firearms—discovered as a result of the parole officers' warrantless entry into his home." Appellant's Br. at 10. Viverett acknowledges that although he filed a pretrial motion to suppress that was denied, because this appeal follows a completed trial and conviction, the suppression issue is no longer viable, and the issue is characterized as a request to review the trial court's decision to admit any challenged evidence. *Casillas v. State*, 190 N.E.3d 1005, 1012 (Ind. Ct. App. 2022), *trans. denied*. We generally review the trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. *Rogers v. State*, 130 N.E.3d 626, 629 (Ind. Ct. App. 2019). We will reverse a ruling on the admission of evidence for an abuse of discretion, which occurs only when the ruling is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights. *Clark v. State*, 994 N.E.2d 252, 260 (Ind. 2013).

[7] Viverett makes clear that he is not challenging the trial court's decision to admit any specific piece of evidence. Rather, he attempts to revive the suppression issue by asserting that the "State adduced no evidence during the jury trial" to establish the legality of the search of his home. Appellant's Br. at 5. In other words, Viverett is challenging the overall sufficiency of the State's foundational evidence offered at trial, arguing that "[t]he in-trial evidence explaining the parole agents' warrantless entry into Mr. Viverett's home" was "lacking" compared to what was offered during the suppression hearing. *Id.* at 16.

[8] The State contends that Viverett did not preserve his current evidentiary challenge because he failed to make a proper contemporaneous objection and specific showing at trial. We agree. It is well settled that "[a] pre-trial motion to suppress does not preserve an error for appellate review; rather, the defendant must make a contemporaneous objection providing the trial court with an opportunity to make a final ruling on the matter in the context in which the evidence is introduced." *D.A.L. v. State*, 937 N.E.2d 419, 422 (Ind. Ct. App. 2010). The rule requiring a contemporaneous objection "is no mere procedural technicality; instead, its purpose is to allow the trial judge to consider the issue in light of any fresh developments and also to correct any errors." *Shoda v. State*, 132 N.E.3d 454, 461 (Ind. Ct. App. 2019).

[9] Viverett is correct that if a defendant makes a contemporaneous objection during trial to the State's foundational evidence, and the evidence is not the same as at the suppression hearing stage, the trial court must determine whether certain evidence is admissible based upon the testimony and evidence presented at trial. *Casillas*, 190 N.E.3d at 1012. Indeed, under such circumstances, while the trial court "may not wholly dismiss direct evidence at trial and accept evidence from the motion to suppress hearing in its place," the trial court is permitted to "reflect upon the foundational evidence from the motion to suppress hearing" to the extent that such evidence was not "in direct conflict with the evidence introduced at trial." *Kelley v. State*, 825 N.E.2d 420, 426 (Ind. Ct. App. 2005).

Here, however, the trial court was deprived of such an opportunity because that is not the objection that Viverett made. At the outset of trial, Viverett lodged a simple "standing objection" to "literally anything – physical items found in the house and statements made by any person as I believe the entry into the home was unconstitutional." Tr. Vol. 2 at 88. The trial court acknowledged the standing objection but ruled that the pretrial denial of the motion to suppress would stand.

It is well established that once a continuing objection is approved, "trial judges ... need not necessarily rehear evidence and arguments relating to admissibility issues previously heard and determined during pre-trial proceedings." *Joyner v. State*, 678 N.E.2d 386, 393 (Ind. 1997). Our supreme court has offered guidance for the proper way to handle a trial objection on an issue decided in a pretrial hearing:

> When a simple objection for the purpose of preserving appellate rights is made, the trial judge should consider the pre-trial determination res judicata and binding upon him and overrule the objection.[1] If, however, the trial objection is based upon new factual or legal matter, a simple overruling of the objection would not be appropriate. In that instance, the trial judge may expect, and indeed require, that he be provided with an accurate summary description of such new matter. Thereafter, either of two levels of judicial response is appropriate. The trial judge may

---

[1] This Court has noted that the "suggestion that the doctrine of *res judicata* is applicable to pre-trial evidentiary rulings would appear to be an inadvertent error" and applies only to matters that have been fully litigated and where a final determination has been made prior to trial. *Kelley*, 825 N.E.2d at 425 n.3 (citing *Joyner*, 678 N.E.2d at 393).

> summarily overrule the objection if the new matter could in no event result in a determination of inadmissibility. This summary disposition may be made upon consideration of counsel's description, or, in the discretion of the judge, after having permitted the defense to call witnesses, to present its new matter. On the other hand, if the trial judge deems such new matter to be of sufficient substance, he may conduct a hearing on the motion to suppress, having a scope appropriate under the circumstances, and reconsider the issue of admissibility.

*Magley v. State*, 263 Ind. 618, 634-35, 335 N.E.2d 811, 821 (1975), *overruled on other grounds by Smith v. State*, 689 N.E.2d 1238 (Ind. 1997).

[12] Viverett's simple objection here clearly did not alert the trial court that any new factual or legal matters had arisen since the suppression hearing. Moreover, at no time during trial did he assert that the State's foundational evidence justifying the warrantless entry into his home was lacking or contradictory to that offered at the suppression hearing. Nevertheless, he suggests that rather than summarily affirming the pretrial suppression ruling at the outset of trial, the trial court should have "reopened the suppression issue for in-trial litigation." Appellant's Br. at 16. But this was neither requested nor required of the trial court. A trial court will not be found to have abused its discretion by not stopping the trial and conducting a full evidentiary hearing to reopen a suppression issue absent evidence presented at trial in direct conflict with the evidence presented at the suppression hearing. *Strickland v. State*, 119 N.E.3d 140, 148 (Ind. Ct. App. 2019) (citing *Kelley*, 825 N.E.2d at 426), *trans. denied*. Viverett does not argue that the evidence presented at trial was in direct conflict with evidence presented at the suppression hearing, and he does not direct this

Court to any such evidence in the record. Without more, neither the trial court nor this Court must fully revisit the suppression issue.[2] Viverett's convictions are affirmed.

Affirmed.

Kenworthy, J., and Robb, Sr.J., concur.

---

[2] We acknowledge that, in this case, different judicial officers presided over the suppression hearing and the trial. Our supreme court has explained,

> Where, as in the case at bar, the judge who conducts the trial is not the judge who conducted and determined the pre-trial motion, obstacles to a full and fair reconsideration at trial exist. The trial judge is not acquainted with the evidence presented in the pre-trial hearing. Consequently, he is unable to weigh the old evidence with the new. This problem does not arise, of course, where the trial judge makes a summary denial of the objection based upon an inadequate showing of substantial new matter.

*Magley*, 263 Ind. at 635, 335 N.E.2d at 821. As noted above, the trial court here was not required to fully revisit the suppression issue absent a showing of "new factual or legal matter[s]," and thus the change of judicial officers here is of no moment. *See id.*